UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

JODES JOSEPH,

Petitioner,

v.

CHRISTOPHER LAROSE, Warden, Otay Mesa Detention Center; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; DAVID J. VENTURELLA, Senior Official Performing the Duties of the Director, U.S. Immigration and Customs Enforcement; TODD BLANCHE, Attorney General of the United States, U.S. Department of Justice,

Respondents.

Case No.: 3:26-cv-06360-LEK-JAC

**ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS AND ORDER TO SHOW CAUSE WITHIN THREE DAYS; COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Before this Court is Petitioner Jodes Joseph's ("Petitioner") Petition for Writ of Habeas Corpus and Order to Show Cause Within Three Days; Complaint for Declaratory and Injunctive Relief ("Petition"), filed on November 9, 2026. [Dkt. no. 1.] The respondents, identified in the Petition as Christopher LaRose, Warden, Otay Mesa Detention Center; Markwayne Mullin, Secretary, U.S. Department of Homeland Security ("DHS"); David J. Venturella, Senior Official Performing the Duties of the Director, U.S. Immigration and Customs Enforcement ("ICE"); and Todd Blanche, Attorney General of the United States, U.S. Department of Justice (collectively "Respondents"), filed a response to the Petition ("Response") on November 16, 2026. [Dkt. no. 5.] On November 17, 2026, Petitioner filed a reply to the Response ("Reply"). [Dkt. no. 6.]

**BACKGROUND**

Petitioner, a citizen and native of Haiti, entered the United States on June 1, 2024. See Petition at ¶¶ 19, 27; see also Response, Exh. 1 at PgID.32 (pg. 1 of DHS Record of Deportable/Inadmissible Alien, Form I-213, dated 11/6/26 ("Form I-213")). Petitioner was admitted and granted parole into the United States through April 24, 2026. See Petition at ¶ 26; id., Exh. 1 (screenshot of U.S. Customs and Border Protection website, with information regarding Petitioner's most recent Form I-94); Response, Exh. 1 (Form I-213) at 4. When he entered the United States, removal proceedings were initiated against Petitioner. See Petition at ¶ 28; id., Exh. 2 (DHS Notice to Appear, DHS Form I-862, dated 6/1/24). However, on July 9, 2024, an immigration judge dismissed the removal proceedings against Petitioner. See Petition at ¶ 29; Response, Exh. 1 (Form I-213) at 4. Petitioner filed a Form I-589 application for asylum and withholding of removal. The application was pending by February 13, 2026 and was still pending at the time of Petitioner's arrest. See Petition at ¶ 30; Response, Exh. 1 (Form I-213) at 4. Petitioner lived at liberty until the re-detention at issue in this case. See Petition at ¶¶ 31-32.

On November 5, 2026, Petitioner was arrested while he was making deliveries for Amazon in San Diego, California. See id. at ¶ 33. Petitioner asserts that Respondents provided no notice explaining why he was being detained or any type of individualized determination prior to his detention regarding Petitioner's risk of danger to the community or flight risk. See id. at ¶ 54. As of the filing of the Petition, Petitioner was detained at the Otay Mesa Detention Center in San Diego, California. See id. at ¶ 33.

Petitioner's primary argument is that his re-detention violates his due process rights. [Id. at pgs. 9-11.] Petitioner also argues that Respondents' decision to detain him violated the Administrative Procedure Act ("APA"), Title 5 United States Code Section 706(2)(A). [Id. at pgs. 11-13.] Petitioner alleges he is entitled to, *inter alia*, immediate release. See id. at pg. 13.

Respondents assert "that Petitioner is subject to mandatory detention under [8 U.S.C.] § 1225(b)(2)." [Response at 2.] They also assert that Rodriguez Vazquez v. Bostock, 183 F.4th 1160 (9th Cir. 2026), does not apply to Petitioner. See id. Nevertheless, Respondents "acknowledge[] that this Court's prior decisions will control the result here if the Court adheres to its prior decisions." [Id. at 2-3 (citing cases).] They also admit that they "have insufficient information regarding termination of [Petitioner's] parole, pursuant to 8 C.F.R. § 212.5(e)(2), to provide to the Court." [Id. at 2.] Accordingly, Respondents "do[] not oppose the petition and defer[] to the Court on the appropriate relief." [Id. at 3.]

## DISCUSSION

This Court assumes, without deciding, that the mandatory detention procedures of Section 1225(b)(2) govern Petitioner's detention. While Respondents assert that this Court should decline to address Petitioner's due process and APA arguments, see id. at 3 n.2, they do not assert that this Court should deny Petitioner's request for immediate release. This Court construes Respondents' non-opposition to Petitioner's request for immediate release as a concession that Petitioner's detention violates his due process rights.

In Noori v. LaRose, 807 F. Supp. 3d 1146 (S.D. Cal. 2025), this district court ruled that the respondents violated the petitioner's Fifth Amendment due process rights when the respondents revoked the petitioner's parole by sending a mass, generic notification one morning and arresting the petitioner later that day at his immigration hearing. Id. at 1155, 1166. This district court concluded that the petitioner had "a protectable expectation of his due process rights in his removal proceedings and the fair procedures this country guarantees. . . . Particularly, he was entitled to both notification of revocation and the reasoning for revocation, if not also an opportunity to be heard and

contest the determination." Id. at 1165. The district court ordered the petitioner's immediate release. Id. at 1154.[1]

In the instant action, Petitioner received even less due process than the petitioner in Noori. Petitioner received no notification or individualized reason as to why his parole was being revoked before he was summarily detained on November 5, 2026. See Petition at ¶¶ 33, 54. Nor have Respondents explained, even after they filed the Response, what circumstances have changed to warrant Petitioner's detention.[2] Providing Petitioner a bond hearing would not remedy the Fifth Amendment violation he has already experienced. Only release from detention can accomplish that now.[3]

---

[1] The district court had previously issued a truncated order ordering the petitioner's immediate release. See Noori, 807 F. Supp. 3d at 1154. The 807 F. Supp. 3d 1146 order was issued to "provide[] a fuller legal analysis and legal basis for the September 26, 2025 Order." Id.

[2] Respondents appear to suggest, without expressly arguing, that the expiration of Petitioner's parole reverts the authority for his detention to Section 1225(b)(2). See Response at 2 n.1 (citing 8 U.S.C. § 1182(d)(5)(A); Matter of Q. Li, 29 I. & N. Dec. 66, 69-70 (BIA 2025)). Even if Respondents had expressly advanced this argument, "many courts in the Ninth Circuit [Court of Appeals] have held that the expiration of parole does not extinguish a petitioner's entitlement to due process." See Aliyev v. LaRose, Case No.: 3:26-cv-01119-CAB-JLB, 2026 WL 699818, at *2 (S.D. Cal. Mar. 12, 2026) (citing cases). In other words, a petitioner's private interest does not expire along with his or her parole agreement. See, e.g., Nayem v. LaRose, Case No.: 26-cv-777-RSH-DEB, 2026 WL 915023, at *3 (S.D. Cal. Apr. 3, 2026); Tunaca-Galindo v. Att'y Gen. of United States, Case No.: 26cv2226-LL-BJW, 2026 WL 1229587, at *2 (S.D. Cal. May 5, 2026); see also Omer G.G. v. Kaiser, 815 F. Supp. 3d 1098, 1109 (E.D. Cal. 2025) (stating the "petitioner's liberty interest did not expire along with his parole"). The expiration of one's parole "does not somehow obviate the need for the government to provide an individualized hearing prior to detaining the parolee." L.M. v. Noem, Case No. 2:25-cv-02194-RFB-BNW, 2026 WL 103231, at *13 (D. Nev. Jan. 14, 2026) (citing Ramirez Tesara v. Wamsley, 800 F. Supp. 3d 1130, 1136 (W.D. Wash. 2025)).

[3] In light of this Court's determination that Petitioner is entitled to immediate release, this Court need not address Petitioner's APA claim. See Petition at pgs. 11-13.

Petitioner has also requested that this Court award him attorney's fees and costs. See id. at pg. 14. This Court will consider an application requesting reasonable attorney's fees and costs that is filed within thirty days of the entry of judgment. This Court, therefore, denies Petitioner's request for attorney's fees and costs without prejudice.

## CONCLUSION

For the foregoing reasons, Petitioner Jodes Joseph's Petition for Writ of Habeas Corpus and Order to Show Cause Within Three Days; Complaint for Declaratory and Injunctive Relief, filed November 9, 2026, is GRANTED IN PART AND DENIED IN PART. The Petition is GRANTED insofar as Respondents are ORDERED to release Petitioner from custody **no later than twenty-four hours from the filing of this Order** under the same conditions that existed immediately prior to Petitioner's detention on November 5, 2026.

Further, Respondents are ENJOINED AND RESTRAINED from re-detaining Petitioner unless Respondents demonstrate, by clear and convincing evidence at a pre-deprivation hearing before a neutral decisionmaker, that Petitioner presents a flight risk or danger to the community such that his physical custody is legally justified. The Petition is DENIED WITHOUT PREJUDICE as to Petitioner's request for attorney's fees and costs.

The Clerk's Office is DIRECTED to enter judgment and close this case on **December 1, 2026**, unless Petitioner files a notice informing this Court that Respondents failed to comply with this Order.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, November 17, 2026.

/s/ Leslie E. Kobayashi

Leslie E. Kobayashi
Senior U.S. District Judge

**JODES JOSEPH VS. CHRISTOPHER LAROSE ET AL.; CASE NO. 3:26-CV-06360-LEK-JAC; ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS AND ORDER TO SHOW CAUSE WITHIN THREE DAYS; COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**